IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HELEN RAMSEY,

       Plaintiff,

v.                                     Civil Action No. 3:15cv165

BRANCH BANKING & TRUST COMPANY, *et al.*,

       Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on the Motion to Dismiss filed by Defendant Branch Banking & Trust Company ("BB&T"). (ECF No. 3.) Plaintiff Helen Ramsey responded and BB&T replied. (ECF Nos. 8–10.) This matter is ripe for disposition. The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332.[1] For the reasons that follow, the Court grants BB&T's Motion to Dismiss.

## I. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan*

---

[1] The parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

*Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.   This

principle applies only to factual allegations, however, and "a court considering a motion to dismiss

can choose to begin by identifying pleadings that, because they are no more than conclusions, are

not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or

a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted).   Instead, a

plaintiff must assert facts that rise above speculation and conceivability to those that "show" a

claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570;

Fed. R. Civ. P. 8(a)(2)).   "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).   Therefore, in order for a

claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts

sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*,

324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to

and not excluded by the court, the motion must be treated as one for summary judgment under

Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that

is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*,

149 F.3d 253, 260-61 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).   However,

2

"a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006) (citing *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995)).

Ramsey attached four documents to her Complaint.[2]  The Court will consider these because the documents are central to the claims, sufficiently referred to in the Complaint, and neither party contests their authenticity.  *See Witthohn*, 164 F. App'x at 396–97 (citations omitted).

## II.  Factual and Procedural Background

### A.  Summary of Allegations in the Complaint[3]

On December 13, 2005, Ramsey signed a sales contract with the Sellers to purchase real property located at 7101 Old Dickersons Road in Spotsylvania County, Virginia ("the Property"). The Property "was listed and described as a one (1) bedroom house."  (Not. Removal, Ex. A Compl. ¶ 14, ECF No. 1-1.)  The sales contract listed a $220,000 purchase price.  On December 19, 2005, Ramsey applied for a mortgage loan with BB&T in the amount of $209,000.  During this process, BB&T loan officer Susan Cadow told Ramsey that BB&T "could not approve her for

---

[2]  The four documents are:   (1) Exhibit A:   the January 5, 2006 General Warranty Deed of Sale conveyed by John and Katherine Marsh (collectively, "the Sellers") to Helen Ramsey; (2) Exhibit B:   the January 6, 2006 Deed of Trust; (3) Exhibit C:   the Appraisal Report; and, (4) Exhibit D:   the November 24, 2009 Modification Agreement between Ramsey and BB&T.

[3]  For purposes of the motion to dismiss, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Plaintiff. *Matkari*, 7 F.3d at 1134.

3

a loan for a one (1) bedroom home." (*Id.* ¶ 22.)   Following a private conversation between Cadow and Jimmy Hedge, a brokerage firm representative from Remax Supercenter, BB&T approved Ramsey for a $209,000 mortgage loan.   Ramsey believed BB&T approved her for a mortgage loan for a one bedroom home.

On January 5, 2006, Ramsey and the Sellers closed the sale.   Ramsey did not receive a copy of an appraisal report prior to or during closing.   On January 6, 2006, Ramsey executed a Deed of Trust "and possibly a promissory note" that gave BB&T an interest in the Property. (*Id.* ¶¶ 32, 36–37; Compl. Ex. B, ECF No. 1-2.)

In approximately January or February 2009, three years after closing, Ramsey sought to refinance her mortgage and obtain lower insurance coverage or sell the Property.   During this process, Ramsey learned the Property was identified as a two bedroom property.   Ramsey requested, and BB&T ultimately provided, at least a partial copy of the appraisal report.   (Compl. ¶¶ 43–44; Compl. Ex. C, ECF No. 1-2.)   The appraisal report indicates A+ Appraisals, Inc. completed the appraisal on approximately December 30, 2005 and identified the Property as a two bedroom property with an appraised market value of $220,000.   (Compl. ¶¶ 46, 49; Compl. Ex. C.)

In March 2009, a fire destroyed the Property and Ramsey made a claim with her insurance carrier, State Farm.   State Farm "refused to pay [Ramsey] a claim for a two (2) bedroom property" and instead paid her $157,566, "the replacement cash value for a one (1) bedroom property." (Compl. ¶¶ 52–54.)

Ramsey applied the insurance proceeds to her BB&T mortgage loan.   Although Ramsey "believed that the [insurance proceeds] should have completely satisfied the mortgage loan," "BB&T claimed that [Ramsey] still owed approximately [$42,900.31]."   (*Id.* ¶¶ 56, 59.)

4

Ramsey contends the mortgage loan for a two bedroom home would have been higher than the loan for a one bedroom home.

In late 2009, "BB&T forced Ramsey to sign a Modification Agreement" to her Deed of Trust.  (*Id.* ¶ 61.)  The Modification Agreement stated that, beginning March 1, 2010, Ramsey owed a monthly mortgage payment of $281.87.  (Compl., Ex. D, ECF No. 1-2.)

Ramsey contends the appraisal of the Property as a two bedroom home, rather than a one bedroom home, resulted in an appraised market value "likely tens of thousands of dollars greater than the actual market value" of the Property.  (*Id.* ¶ 64.)  Additionally, Ramsey "believes that the fair market value of the property, if it would have been properly appraised as a one (1) bedroom property in December of 2005, would have been less than the $157,566.00 payment that [Ramsey] received from State Farm."  (*Id.* ¶ 67.)

Prior to purchasing the Property, Ramsey did not know, and BB&T did not inform her of, the Property's appraised value or its appraisal as a two bedroom home.  Ramsey has paid over $230,000 to BB&T since January 2006 based upon the belief that BB&T is lawfully entitled to receive and collect these payments.

## B.    Procedural History

On February 18, 2015, Ramsey filed a Complaint in the Circuit Court for the County of Spotsylvania, Virginia.  (Compl., Ex. A, ECF No. 1-1.)  Ramsey alleges five state law claims in connection with the December 2005 and January 2006 purchase of the Property.[4]  Ramsey seeks

---

[4] Ramsey alleges the following claims:  (1) Count I:  BB&T is not the lawful owner and holder of the Note and therefore lacks authorization to enforce the Note, including collecting payments, (Compl. ¶¶ 117–120); (2) Count II:  BB&T violated state law by failing to furnish a copy of the written appraisal report to Ramsey prior to her purchase of the Property, (*id.* at ¶ 139); (3) Count III:  breach of contract, (*id.* at ¶ 143(a)–(g)); (4) Count IV:  fraud (*id.* at ¶ 148(a)–(p)); and, (5) Count V:  continuing fraud, (*id.* at ¶ 157(a)–(o)).

declaratory relief, compensatory damages "expected to be in excess" of $200,000, and punitive damages of at least $300,000. (Compl. ¶¶ 31–32.) On March 17, 2015, BB&T removed this action to this Court on the grounds of diversity jurisdiction.[5]

On March 20, 2015, BB&T filed its Motion to Dismiss. (ECF No. 3.) BB&T contends that Ramsey's allegations fail to state claims for relief and that Virginia's statutes of limitations bar her claims. Both arguments persuade. The Court will dismiss Ramsey's complaint for the reasons more fully explained below.

### III. Analysis

**A.    Count I's "Show Me the Note" Claim Fails as a Matter of Law**

The Court will dismiss Count I because Ramsey's so-called "show me the note" claim fails as a matter of law. Ramsey alleges that "BB&T has not provided any substantial or corroborating evidence/proof that it is in fact the lawful owner of the Note," and "[is] not entitled to take any action regarding [Ramsey's] residence, including seeking and collecting any payments from [her]." (Compl. ¶¶ 115, 117.) Courts uniformly reject "show me the note" claims as lacking in

---

Regarding Count II, Ramsey did not identify a specific statutory section and instead generally cited Va. Code Ann. § 6.2-400 *et seq*. (Compl. ¶ 139.) BB&T construes Count II to allege a violation of Va. Code Ann. § 6.2-407 (2015) ("Section 6.2-407"). This Court agrees. Section 6.2-407 provides:

> Any lender that requires a borrower or prospective borrower to pay for an appraisal of residential real estate made in connection with a loan or application for a loan secured by the real estate shall, upon request by the borrower or prospective borrower, furnish free of charge the borrower or prospective borrower with a copy of the written appraisal or, if no written appraisal exists, with a statement of the appraised value within 10 business days of the receipt of such request.

Va. Code Ann. § 6.2-407 (2015).

[5] On March 26, 2015, BB&T filed an Amended Notice of Removal. (ECF No. 5.) The Amended Notice of Removal further describes the citizenship of BB&T. (Am. Not. Removal ¶ 11.)

merit; this Court similarly finds that Ramsey fails to state a claim for relief in Count I. *Grenadier v. BWW Law Group*, No. 1:14cv827, 2015 WL 417839, at *5 (E.D. Va. Jan. 30, 2015) (noting that causes of action premised on alleged refusal to produce original promissory note are "widely rejected").[6]

### B.    The Applicable Statutes of Limitations Bar Counts II through IV

As explained below, each statute of limitations applicable to Counts II through IV has expired.   Therefore, the Court will dismiss Counts II through IV.

### 1.    Statute of Limitations Analysis at the Rule 12(b)(6) Stage

"[W]here the facts as alleged in the complaint are sufficient to rule on a statute of limitations affirmative defense, the Court may reach this defense 'by a motion to dismiss filed under Rule 12(b)(6).'" *XL Specialty Ins. Co. v. Truland*, No. 1:14cv1058, (2015 WL 925582, at *5 (E.D. Va. Mar. 3, 2015) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)). "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Id.* (quoting *Goodman*, 494 F.3d at 464). As described

---

[6] Ramsey attempts to circumvent this established law by arguing it does not apply because her claim does not involve a foreclosure.   Such a distinction lacks merit.   Virginia law does not require that a noteholder demonstrate its authority or standing to act pursuant to the terms of the note or deed of trust before enforcing the note and deed of trust, by, *inter alia*, pursuing non-judicial foreclosure. *Grenadier*, 2015 WL 417839, at *5 ("[C]laims regarding defendants' failure to produce the Note before foreclosure are not cognizable under Virginia law."); *see also Hien Pham v. Bank of N.Y.*, 856 F. Supp. 2d 804, 810 (E.D. Va. 2012) ("Virginia law unequivocally disallows a 'show me the note' claim against a noteholder" and "similar 'show me the noteholder's authority' claims against [a deed of trust's nominal beneficiary and trustee].")

Because Virginia law does not require production of a note prior to foreclosure, this Court will not compel production of a note prior to accepting payments on that note especially given the conclusory allegations at bar. *See Ruggia v. Wash. Mut*, 719 F. Supp. 642, 648 (E.D. Va. 2010) (finding a challenge to ownership agreement "in a wholly conclusory fashion, without any [supporting] factual pleadings" to be "inconsistent with Virginia's status as a non–judicial foreclosure state"), *aff'd per curiam*, 442 F. App'x 816 (4th Cir. 2011).

below, such circumstances exist here. The Court will address the statutes of limitations in light of each count's applicable limitations period.

### 2. The Court Dismisses Count II Because the Statute of Limitations Bars this Claim

The Court will dismiss Count II because Virginia's two-year statute of limitations applicable to this appraisal-related count expired before Ramsey filed her Complaint.[7] Virginia's catch-all statute of limitations provides for a two year statute of limitations for "[e]very personal action . . . for which no limitation is otherwise prescribed." Va. Code Ann. § 8.01-248 (2015). Section 6.2-407 requires a lender to provide a copy of an appraisal report to a borrower, upon request and "within 10 business days" of receipt of the request, if the lender requires that the borrower pay for the appraisal "made in connection with a loan or application for a loan secured by the real estate shall." Va. Code Ann. § 6.2-407 (2015).

Ramsey's cause of action for a violation of this statute ostensibly accrued, and the statute of limitations began to run, in early 2009 after she sought to refinance her mortgage.[8] At that time, Ramsey realized she never received a copy of the appraisal report and she requested one. Six years after Ramsey requested the appraisal report in 2009, and four years after the statute of

---

[7] Because Section 6.2-407 does not contain a specific statute of limitations, the Court applies Virginia's catch-all statute of limitations. Va. Code Ann. § 8.01-248 (2015).

[8] Ramsey indicates that she "requested" a copy of the appraisal report after learning her Property was listed as having two bedrooms. (Compl. ¶ 43.) The Court reasonably infers she requested the report in 2009.

Although Ramsey claims Defendant violated the statute by "failing to furnish [her] with a copy of the written report prior to [her] purchase of the residence," (id. ¶139), Section 6.2-407 does not require a lender to furnish a report until requested by the borrower. Ramsey does not allege that she requested a copy of the report when she purchased the property. As to her 2009 request, Ramsey does not say when she "was ultimately able to obtain a copy." (Compl. ¶¶ 44–45). To the extent Ramsey claims Defendant violated Section 6.2-407 by providing the report beyond the ten-day period, she fails to allege facts to support this contention. The Court need not address these circumstances, however, because the two-year limitation period expired well before Ramsey filed her Complaint in 2015.

limitations expired, Ramsey filed her Complaint here. Ramsey concedes that Count II "may be subject to dismissal by the Court" as barred by the applicable statute of limitations. (Pl.'s Opp'n 9.) Because the two-year statute of limitations applicable to Count II expired before Ramsey filed her Complaint, the Court grants the motion to dismiss and dismisses Count II.

### 3. The Court Dismisses Count III Because the Statute of Limitations Bars this Claim

The Court will dismiss Count III because Virginia's five-year statute of limitations applicable to actions for breach of a written contract bars this claim. Va. Code Ann. § 8.01–246(2) (2015).[9] An "action for breach of a written contract must be filed within five years after the cause of action accrues." *Arrington v. Peoples Sec. Life Ins. Co.*, 458 S.E.2d 289, 291 (Va. 1995) (citing Va. Code § 8.01–246(2)). A "cause of action for breach of contract accrues and the limitation period commences to run from the date of the alleged breach." *Id.*

Here, the statute of limitations began to run, at the latest, in January 2006, because Ramsey alleges breaches of the Deed of Trust and Note that occurred at closing and when Ramsey and BB&T entered into the Deed of Trust and Note. Approximately nine years later, and four years after the statute of limitations had run, Ramsey filed her Complaint in state court. Ramsey "concedes that her [Count III] may be subject to dismissal by the Court" as barred by the

---

[9] Virginia applies a five year statute of limitations to actions based on written contracts:

[A]ctions founded upon a contract . . . shall be brought within the following number of years next after the cause of action shall have accrued:

. . .

2. In actions on any contract which is not otherwise specified and which is in writing and signed by the party to be charged thereby, or by his agent, within five years whether such writing be under seal or not[.]

. . . .

Va. Code Ann. § 8.01-246(2) (2015).

applicable statute of limitations.[10]  (Pl.'s Opp'n 10.)  Because the five-year statute of limitations applicable to Count III expired before Ramsey filed her Complaint, the Court grants the motion to dismiss and will dismiss Count III.

### 4.    The Court Dismisses Count IV Because the Statute of Limitations Bars this Claim

The Court will dismiss Count IV because Virginia's two-year statute of limitations applicable to fraud claims bars this count.  Va. Code Ann. § 8.01-243(A) (2015).[11]  The fraud cause of action "accrue[s] . . . when such fraud . . . is discovered or by the exercise of due diligence reasonably should have been discovered."  Va. Code Ann. § 8.01-249(1) (2015).  In the fraud context, when apparent on the face of the pleadings that the two-year statute of limitations expired prior to the filing of the action, the "burden . . . shift[s] to [the plaintiff] to prove that, despite the exercise of due diligence, he [or she] could not have discovered the alleged fraud within the two-year period before he [or she] commenced the action."  *Schmidt v. Household Fin. Corp., II*, 661 S.E.2d 834, 839 (Va. 2008).

Here, the limitations period regarding Count IV began to run, at the latest, in early 2009 when Ramsey alleges she discovered BB&T's purported fraud.  Ramsey filed her Complaint in state court on February 18, 2015, six years later and four years after the statute of limitations expired.  Indeed, Ramsey "concedes that her [Count IV] may be subject to dismissal by the

---

[10] Without elaboration, Ramsey contends "BB&T should be equitably estopped from asserting the statute of limitations as a defense in this matter."  (Pl.'s Opp'n 10.)  The Court declines to consider such unsupported arguments.

[11] "[E]very action for damages resulting from fraud, shall be brought within two years after the cause of action accrues."  Va. Code Ann. § 8.01-243(A) (2015).  Section 8.01-243(A) contains exceptions, none of which apply here.

Court" as barred by the statute of limitations.[12]   (Pl.'s Opp'n 16.)   Because the two-year statute

of limitations applicable to Count IV expired before Ramsey filed her Complaint, the Court will

grant the motion to dismiss and dismiss Count IV.

> **C.      The Court Dismisses Count V for Failing to Plausibly Allege Any Purported Continuing Fraud with Sufficient Particularity**

The Court will dismiss Count V for three reasons.[13]   First, the Complaint lacks plausible

factual details regarding the alleged continuous misrepresentations.   *Twombly*, 550 U.S. at 570;

*Iqbal*, 556 U.S. at 678.   Second, Ramsey fails to satisfy Federal Rule of Civil Procedure 9(b)'s

heightened pleading standard applicable to fraud claims because the Complaint lacks "the time,

place, and contents of the [continuous] false representations, as well as the identity of the person

making the [continuous] misrepresentation."   *United States ex rel. Wilson v. Kellogg Brown &*

*Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted);

Fed. R. Civ. P. 9(b).[14]   The Complaint is devoid of "the who, what, when, where, and how" of

BB&T's *continuing* fraud.   *Id.* (citation omitted) (internal quotation marks omitted).

Finally, because Count V indicates Ramsey suffers "'continual ill effects from an original

violation,'" in this case, BB&T's 2005 and 2006 original purported misrepresentations and her

---

[12]   Regarding Count IV, Ramsey again asserts, without explanation, that "BB&T should be equitably estopped from asserting the statute of limitations in this matter."   (Pl.'s Opp'n 16.) Although Ramsey cites a case that speaks to equitable estoppel, *Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.*, 266 S.E.2d 887, 890–91 (Va. 1980), she does not explain, distinguish, or apply *Boykins* to the circumstances here. As such, Ramsey fails to "invoke the doctrine of equitable estoppel . . .[by] prov[ing] by clear, precise and unequivocal evidence" the six elements of such a claim.   *Id.* at 890.

[13]   The allegations in Count V that BB&T "continues" to make false representations constitute the only difference between Count IV and Count V.   (*Compare* Compl. ¶¶ 148–155), *with id.* ¶¶ 157–164.)

[14]   "**(b) Fraud or Mistake; Conditions of Mind.**   In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."   Fed. R. Civ. P. 9(b).

discovery of such in 2009, rather than from any "'continued unlawful acts,'" Count V fails. *See Costello v. Johnson*, No. 3:11-CV-918, 2011 WL 3820890, at *4 (E.D. Va. Aug. 29, 2011) (quoting *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991) ("[A] 'continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.'")).

**D.      The Court Grants Partial Leave to Amend as to Count V Only**

The Court will not grant leave to amend Counts I through IV because amendment would be futile. *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."); *Kellogg Brown & Root, Inc.*, 525 F.3d at 376.   Count I's "show me the note" claim fails as a matter of law and the statutes of limitations regarding Counts II, III, and IV expired long ago.

The Court will grant Ramsey limited leave to amend Count V to attempt to allege, plausibly, continuing fraud consistent with the requirements of the Federal Rules, including Rule 9(b), and *Costello*.   The Court warns Ramsey that the statute of limitations applicable to fraud claims may also bar her allegations of continuous fraud.[15]

---

[15] Indeed, the Court questions whether Ramsey can allege any fraud not barred by the statute of limitations, especially in light of Ramsey's own allegation she discovered the purported fraud in early 2009 and executed the loan modification agreement in late 2009.  The Court nonetheless grants limited leave to amend in the interests of justice. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.")

## IV.   Conclusion

For the foregoing reasons, the Court will grant BB&T's Motion to Dismiss.   (ECF No. 3.)

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date 3-24-16

13